UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IAN CHRISTOPHER GRIFFITH
SKINNER,

    Petitioner,

  v.

ROBERT BIGOTT, et al.,

    Respondents.

Civil Action No. 13-4299 (ES)

OPINION

**SALAS, DISTRICT JUDGE**

  Petitioner Ian Christopher Griffith Skinner ("Petitioner"), an immigration detainee currently detained at Bergen County Correctional Facility, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his mandatory detention during his immigration removal proceedings. The sole proper respondent is the Warden or Administrator at the Bergen County Correctional Facility, where Petitioner is in custody.[1] For the reasons stated below, the Court GRANTS Petitioner's request for habeas relief, and directs an Immigration Judge to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a)(2), to determine if Petitioner is a flight risk or danger to the community.

**I. BACKGROUND**

  Petitioner, a native and citizen of Trinidad and Tobago, was admitted to the United States as a lawful permanent resident on September 27, 1974. (D.E. No. 8-1, Resp'ts' Answer, Declaration of Melanie White ("White Decl.") ¶ 4). Starting in the 1990's, Petitioner has been convicted of several crimes in different states, including the following: a misdemeanor count for

---

[1] Petitioner has named various federal officials as respondents. The only proper respondent to a habeas petition challenging current confinement is the warden of the facility where the prisoner is being held, namely, Warden Robert Bigott. Accordingly, the other named respondents shall be dismissed from this action with prejudice. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994).

failure to appear; attempted criminal sale of a controlled substance in the third degree; criminal sale of a controlled substance in the third degree; and two convictions for assault in the third degree. (*Id.* ¶¶ 5-9). On May 9, 2012, following his last arrest, Immigration and Customs Enforcement ("ICE") initiated removal proceedings by detaining Petitioner and serving him with a Notice to Appear ("NTA"). (*Id.* ¶ 10; D.E. No. 1 ("Pet.") ¶ 23-24). The NTA alleged that Petitioner is deportable under sections 237(a)(2)(A)(iii) (conviction for "aggravated felony") and (a)(2)(B)(i) (conviction relating to a controlled substance) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. §§ 1227(a)(2)(A)(iii) and (a)(2)(B)(i), respectively. (Ex. C to Pet.).

Petitioner's first master calendar hearing was scheduled for May 22, 2012 in Immigration Court in New York, New York. (Pet. ¶ 25). Petitioner alleges that counsel for the Department of Homeland Security did not have the conviction record for Petitioner's 1995 conviction and the case was adjourned until July 13, 2012. (*Id.*). Respondent alleges that the Immigration Court adjourned the matter in order to allow Petitioner to obtain legal representation. (White Decl. ¶ 12). On June 21, 2012, ICE amended the NTA to include a 2012 conviction for criminal sale of a controlled substance as an additional basis for removal. (Pet. ¶ 26; White Decl. ¶ 13). At the July 13, 2012 hearing, Petitioner's case was adjourned until September 12, 2012 to allow Petitioner to obtain legal representation. (White Decl. ¶ 14).[2]

At the September 12, 2012 hearing, Petitioner's newly retained attorney requested that the hearing be adjourned and the Immigration Court rescheduled the matter to November 21, 2012. (*Id.* at ¶ 15). On September 21, 2012, ICE amended the NTA to charge him with an

---

[2] Paragraph 14 of the White Decl. actually provides that the hearing was held on July 12, 2012, not July 13, 2012. But the While Decl. earlier provides that the hearing was to be held on July 13, 2012, (White Decl. ¶ 12), which is consistent with the petition, (Pet. ¶ 26).

additional ground of removability under INA section 237(a)(2)(A)(ii) based upon Petitioner's two prior convictions for assault. (Pet. ¶ 28; White Decl. ¶ 16). At the November 21, 2012 hearing, the Immigration Court found that Petitioner was deportable under the controlled substance ground of deportability. (Pet. ¶ 31; White Decl. ¶ 17). But the Court reserved on the question of whether Petitioner had been convicted of an aggravated felony and set a new hearing date for January 23, 2013 so that the Court could consider further briefing. (Pet. ¶ 31).

At the January 23, 2013 hearing, the Immigration Court ruled that Petitioner had not been convicted of an aggravated felony and, therefore, he could proceed on his application for cancellation of removal. (*Id.* ¶ 32). The Court set a subsequent hearing date for April 3, 2013. (*Id.*; White Decl. ¶ 18).

In the interim, the Court of Appeals for the Second Circuit issued a decision that directly impacted Petitioner's argument in support of cancellation of removal and, as a result, the Immigration Court pretermitted Petitioner's application at the April 3, 2013 hearing. (Pet. ¶ 34; White Decl. ¶ 19). The Court set a subsequent hearing date for June 4, 2013 to allow Petitioner to file additional documents in support of his remaining applications for relief. (*Id.*). At the June 4, 2013 hearing, the Immigration Court set an individual hearing for September 9, 2013 for Petitioner's applications for withholding of removal and relief under the Convention Against Torture. (Pet. ¶ 37).

On September 9, 2013, the Immigration Court ruled on outstanding legal issues and heard testimony from two different expert witnesses, but was unable to hear testimony from Petitioner's third expert witness due to time constraints. (D.E. No. 12, Pet'r's 9/12/13 Ltr. at 1). The Court consequently continued the hearing to December 2, 2013. (*Id.*). At the December 2, 2013 hearing, the Court heard the remaining testimony and closed the record. (D.E. No. 16,

Pet'r's 12/4/13 Ltr. at 1). The Court informed the parties that it would be issuing a decision in the future, but did not give the parties a specific date. (*Id.*).

On July 12, 2013, Petitioner filed the instant habeas petition. In his petition, Petitioner alleges the following grounds for relief: (1) that his prolonged and indefinite detention violates the due process clause of the Fifth Amendment; (2) that his continued mandatory detention violates the due process clause of the Fifth Amendment because Petitioner is pursuing bona fide legal challenges to his removal; and (3) regardless of eligibility for bond, that Petitioner remains eligible for release on parole. (Pet., Counts I-III). In opposition, Respondent argues that: Petitioner is properly detained under 8 U.S.C. § 1226(c); Petitioner's detention does not violate due process; Petitioner's argument regarding a "substantial challenge to removal" must be rejected because this Court is not empowered to review immigration decisions; and that Petitioner is not entitled to parole under 8 C.F.R. § 212.5(b)(1) and (5). (D.E. No. 8, Resp'ts' Answer at 1, 12, 14, 22, 25).

## II. DISCUSSION

### A. Legal Standard

Habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under section 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction over the instant petition under section 2241 because Petitioner was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th*

*Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95, 500 (1973), and because Petitioner asserts that his mandatory detention is not statutorily authorized by 8 U.S.C. § 1226.

8 U.S.C. § 1226 governs the pre-removal-order detention of an alien. Section 1226(a) authorizes the Attorney General to arrest, and detain or release, an alien pending a decision on whether the alien is to be removed from the United States—except as provided in subsection (c).

Section 1226(a) provides, in relevant part:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General--
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on--
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; . . .

8 U.S.C. § 1226(a).

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part:

> The Attorney General shall take into custody any alien who--
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

5

> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or
>
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

**B. Analysis**

In his first ground for relief, Petitioner argues that his lengthy detention violates his due process rights. (Pet. ¶¶ 40-46 (citing *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011)).

In *Diop*, the Third Circuit held that "§ 1226(c) contains an implicit limitation of reasonableness: the statute authorizes only mandatory detention that is reasonable in length . . . . Should the length of [an alien's] detention become unreasonable, the Government must justify its continued authority to detain him at a hearing at which it bears the burden of proof." 656 F.3d at 235. The Third Circuit accordingly ruled in *Diop* that the petitioner's pre-removal detention period of thirty-five months was unreasonable in length. *See id.*; *see also Leslie v. Atty's Gen.*, 678 F.3d 265, 271 (3d Cir. 2012) (ruling that a four-year detention is unreasonably long).

"[C]ourts reviewing petitions for writ of habeas corpus must exercise their independent judgment as to what is reasonable." *Diop*, 656 F.3d at 234. And "[r]easonableness, by its very nature, is a fact-dependent inquiry requiring an assessment of all of the circumstances of any given case." *Id.* In *Diop*, the petitioner experienced extensive delays in his removal proceedings due to errors by the immigration judge and the government's failure to secure relevant evidence. *Id.*

Similarly, in *Leslie*, the petitioner endured a four-year detention, which involved delay by the immigration court and a remand "due entirely to clerical errors made by the immigration judge." 678 F.3d at 270-71. The Third Circuit asserted that, "'[a]lthough an alien may be responsible for seeking relief, he is not responsible for the amount of time that such determinations may take.'" *Id.* at 271 (quoting *Ly v. Hansen*, 351 F.3d 263, 272 (6th Cir. 2003)).

Given the Third Circuit's instruction to conduct a "fact-dependent inquiry," courts in this District have reached various outcomes when assessing the reasonableness of pre-removal-order detention periods under *Diop*. For example, a detainee's one-year detention period was recently found not unreasonable under *Diop*. *Dilone v. Shanahan*, No. 12-7894, 2013 WL 5604345, at *4 (D.N.J. Oct. 11, 2013). In another case, the detention was found unreasonable where, "[a]t the time of th[e] Opinion, [the petitioner] will have been held in mandatory detention, without any bond hearing, for more than one year." *See Francois v. Napolitano*, No. 12-2806, 2013 WL 4510004, at *4 (D.N.J. Aug. 23, 2013). Conversely, a detention period of two years was found not to violate due process, *Gonzalez v. Aviles*, No. 13-3413, 2013 WL 5467114, at *4 (D.N.J. Sept. 30, 2013), as was a period of eighteen months, *see Sessay v. Hendricks*, No. 12-2667, 2013 WL 4537709, at *4 (D.N.J. Aug. 27, 2013).

Courts elsewhere in the Circuit also have reached differing conclusions. *See Ryan v. Decker*, No. 13-682, 2013 WL 3973074, at *5 (M.D. Pa. July 31, 2013) (collecting cases and noting that "[w]hile periods of detention which significantly exceed one year may trigger constitutional concerns . . . detentions periods of up to two years have been sustained by the courts where a criminal alien is subject to mandatory detention and much of the pre-removal

7

delay is a function of that criminal alien's litigation decisions during removal proceedings.") (citations omitted).

In this case, Petitioner had been detained for fourteen months when he filed his petition and for approximately twenty months by the time of this Opinion. By the Court's calculations, approximately four months of that time is attributable to delays by Petitioner. Specifically, at Petitioner's July 13, 2012 hearing, the court adjourned the case until September 12, 2013 to allow Petitioner to obtain an attorney. (White Decl. ¶ 14). At the September 12, 2012 hearing, Petitioner's attorney requested that the hearing be adjourned and it was rescheduled for November 21, 2012. (Pet. ¶ 27; White Decl. ¶ 15). As such, the time period from July 13, 2012 through November 21, 2012 (approximately four months) is attributable to delays caused by Petitioner.

Comparing Petitioner's length of detention to other cases in this Circuit, and considering the reasons for the duration of time that has passed in the instant removal proceedings, the Court finds that Petitioner has been held for an unreasonable amount of time without a bond hearing. *See Diop*, 656 F.3d at 233 (discussing *Demore v. Kim*, 538 U.S. 510, 529 (2003)).

The Immigration Judge is therefore directed to provide Petitioner with an individualized bond hearing, pursuant to 8 U.S.C. § 1226(a)(2), to determine if he is a flight risk or danger to the community that would necessitate his continued mandatory detention. At the hearing, the Government will bear the burden of establishing why continued detention is necessary. *See Diop*, 656 F.3d at 235 ("[T]he Government must justify its continued authority to detain [Petitioner] at a hearing at which it bears the burden of proof.").

## III. CONCLUSION

For the foregoing reasons, the Court holds that Petitioner's continued mandatory detention, pursuant to 8 U.S.C. § 1226(c), is no longer reasonable under the circumstances of this case. Accordingly, the Court grants the Writ of Habeas Corpus and directs that an Immigration Judge provide Petitioner with an individualized bond hearing to determine with an "whether detention is still necessary to fulfill the statute's [section 1226(c)] purposes," *see Leslie*, 678 F.3d at 270–71 (internal quotation marks omitted), within 10 days of the date of the entry of the Order accompanying this Opinion.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**